IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PHILLIP R. HATHEWAY**,

    Plaintiff,

vs.                                                         No. **CIV 00-1200 MCA/RLP**

**JOHN P. THIES, RAY DEFRATES,
SHANNON McGUIRE, THOMAS
GARDUNO, PETER HACKET,
ERIC JORDAN, ERIC LEVELING,
DANIEL CAFFERKEY,** and
**MATTHEW MORALES**, in their
individual capacities, and the
**CITY OF ALBUQUERQUE**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on ***Defendant Defrates, Hacket, Jordan, Leveling, Cafferkey, Morales, and the City of Albuquerque's Motion for Summary Judgment*** [Doc. No. 74] filed on June 27, 2002, and ***Plaintiff's Cross Motion for Summary Judgment as to These Defendants*** [Doc. No. 76] filed on July 19, 2002. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court concludes that good cause exists for granting in part and denying in part the parties's cross motions as follows. Defendants Defrates, Hacket, Jordan, Leveling, Cafferkey, Morales are entitled to summary judgment on all of Plaintiff's claims. Defendant

City of Albuquerque is entitled to partial summary judgment as to Plaintiff's claims of *respondeat superior* liability arising from the conduct of all the individual Defendants at Plaintiff's residence.  Plaintiff is entitled to partial summary judgment as to his claims of *respondeat superior* liability against Defendant City of Albuquerque arising from the torts of false arrest and false imprisonment committed by Defendant Thies and McGuire at the police substation.

## I.     BACKGROUND

The facts giving rise to this action are summarized in the *Memorandum Opinion and Order* filed on May 30, 2002.  [Doc. No. 69.]  In the prior *Memorandum Opinion and Order*, the Court granted partial summary judgment in Plaintiff's favor with respect to the liability of Defendants Thies and McGuire under 42 U.S.C. § 1983 arising from the violation of Plaintiff's Fourth Amendment rights during his detention at the APD substation and the liability of Defendants Thies and McGuire under N.M. Stat. Ann. § 41-4-12 arising from the commission of the torts of false arrest and false imprisonment at the APD substation.  At that time, the Court also granted partial summary judgment in favor of Defendants Thies, McGuire, and Garduno with respect to Plaintiff's claims arising from the events at his residence, including those based on 42 U.S.C. § 1983 and the torts of assault, battery, false arrest, false imprisonment, and trespass.

The Court's *Memorandum Opinion and Order* of May 30, 2002, also directed Defendants to answer Plaintiff's *Amended Complaint* within fourteen days and granted the parties leave to file additional dispositive motions within thirty days.  Based on essentially

the same facts and reasoning used to support the decision to grant summary judgment in favor of Defendants Thies, McGuire, and Garduno with respect to Plaintiff's claims arising from the events at his residence, Defendants Defrates, Hacket, Jordan, Leveling, Cafferkey, Morales, and the City of Albuquerque moved for summary judgment on June 27, 2002. [Doc. No. 74.] On July 19, 2002, Plaintiff filed a cross-motion in response to the summary-judgment motion filed by these Defendants. [Doc. No. 76.] For the most part, Plaintiff's cross-motion also relies on the same evidence and arguments that were presented in the prior briefs in this case.

The Court deferred ruling on these motions because Defendants Thies and McGuire filed a *Notice of Appeal* on June 27, 2002. [Doc. No. 73.] In a published opinion dated July 18, 2003, the Tenth Circuit affirmed this Court's rulings as to the denial of qualified immunity regarding these two Defendants. See Hatheway v. Thies, 335 F.3d 1199 (10th Cir. 2003). The mandate from the Tenth Circuit was issued on August 11, 2003. Accordingly, this Court now has jurisdiction to rule on the motion and cross-motion that remain pending.

## II.   ANALYSIS

In the *Memorandum Opinion and Order* filed on May 30, 2002, the Court divided the events giving rise to this action into two categories: the events which transpired in and around Plaintiff's residence, and the subsequent events which transpired in and around the police substation where Plaintiff was interrogated. The Court determined that Defendants Thies, McGuire, and Garduno were entitled to summary judgment with respect to Plaintiff's claims arising from the events which transpired in and around his residence, but that Plaintiff

was entitled to partial summary judgment as to the liability of Defendants Thies and McGuire regarding the events at the police substation.

Plaintiff has presented evidence that Defendants Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales may have been present during all or part of the events which transpired at Plaintiff's residence. [Ex. A. to Pltf.'s Resp.] Plaintiff has not presented any evidence that the conduct of these Defendants at the residence was materially different from the conduct of Defendants Thies, McGuire, and Garduno at that location. Plaintiff also has not presented any evidence that Defendants Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales were involved in any of the events that subsequently transpired at the police substation.

Accordingly, Defendants Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales are entitled to summary judgment on Plaintiff's claims arising from the events at his residence for essentially the same reasons stated in the Court's prior *Memorandum Opinion and Order* regarding the conduct of Defendants Thies, McGuire, and Garduno at that location. Unlike Defendants Thies and McGuire, however, Defendants Garduno, Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales also are entitled to summary judgment on Plaintiff's claims arising from the events at the police substation for the simple reason that there is no evidence that any of the latter group of Defendants were involved in the events at the substation. Thus, all of Plaintiff's claims against Defendants Garduno, Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales are dismissed with prejudice.

The City of Albuquerque's inclusion as a Defendant in this action is based solely on the theory of *respondeat superior* liability arising from its status as the employer of the individual Defendants. As all of Plaintiff's state-law claims arising from the individual Defendants' conduct at the residence are subject to dismissal at this point, Defendant City of Albuquerque is entitled to partial summary judgment with regard to Plaintiff's claims of *respondeat superior* liability arising from the conduct of the individual Defendants at the residence.

The Court reaches a different conclusion with respect to Plaintiff's claims of *respondeat superior* liability arising from the torts of false arrest and false imprisonment committed by Defendants Thies and McGuire at the police substation. The Court has previously granted summary judgment in Plaintiff's favor as to the liability of Defendants Thies and McGuire on these particular state-law claims, and the City of Albuquerque now admits the additional facts necessary to establish *respondeat superior* liability with regard to these claims. [Deft.'s Resp. at 3.] It follows that Plaintiff is entitled to partial summary judgment regarding his claim of *respondeat superior* liability against Defendant City of Albuquerque arising from the torts of false arrest and false imprisonment committed by Defendants Thies and McGuire at the police substation.

As a result of the Court's rulings in this case, the only remaining Defendants are John P. Thies, Shannon McGuire, and the City of Albuquerque. The only remaining issue to be tried is the damages to which Plaintiff may be entitled as a result of these Defendants' unlawful conduct at the police substation.

### III.     CONCLUSION

For the foregoing reasons, the cross-motions for summary judgment filed by Plaintiff and Defendants Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales are granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that, with respect to all of Plaintiff's claims against Defendants Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales, and with respect to all of Plaintiff's claims of *respondeat superior* liability against Defendant City of Albuquerque arising from the conduct of the individual Defendants at Plaintiff's residence, ***Defendant Defrates, Hacket, Jordan, Leveling, Cafferkey, Morales, and the City of Albuquerque's Motion for Summary Judgment*** [Doc. No. 74] is **GRANTED IN PART** and ***Plaintiff's Cross Motion for Summary Judgment as to These Defendants*** [Doc. No. 76] is **DENIED IN PART**.

**IT IS FURTHER ORDERED** that, with respect to Plaintiff's claims of *respondeat superior* liability against Defendant City of Albuquerque arising from the torts of false arrest and false imprisonment committed by Defendants Thies and McGuire at the police substation, ***Defendant Defrates, Hacket, Jordan, Leveling, Cafferkey, Morales, and the City of Albuquerque's Motion for Summary Judgment*** [Doc. No. 74] is **DENIED IN PART** and ***Plaintiff's Cross Motion for Summary Judgment as to These Defendants*** [Doc. No. 76] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendants Garduno, Defrates, Hacket, Jordan, Leveling, Cafferkey, and Morales, are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 26th day of September, 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge